IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-665-D(1) |
| | § | |
| DONNA H. WOODS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Donna H. Woods ("Woods") of the offense of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and three counts of wire fraud, in violation of 18 U.S.C. § 1343. Woods testified at trial. Because the court finds that Woods committed perjury during her testimony, the court adds two levels to the advisory guideline offense level for obstruction of justice, and enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . prosecution . . . of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct[.]" U.S.S.G. § 3C1.1 (Nov. 1, 2018 Manual). "Though the court may not penalize a defendant for denying his guilt as an exercise of his

constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)). Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury. *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[1]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury[.]" U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2018 Manual). Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Id.* at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n.2 (Nov. 1, 2018 Manual), "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of

---

[1]The court recognizes that the Guidelines are advisory. But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3(a). U.S.S.G. § 6A1.3(a) (Policy Statement) (Nov. 1, 2018 Manual). "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that, as a general matter, the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Woods committed perjury during her trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Woods's testimony, the court finds that at least the following testimony[2] constituted (1) false testimony by Woods, (2) given under oath at trial, (3) concerning a material matter, (4) that Woods did not believe to be true, and (5) that she gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Woods gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offenses.

The testimony on which the court bases the perjury enhancement is as follows: that the $5,000 check was not a kickback for putting ADI as the winner of the E-Rate bid but was to pay Woods back the loan[3] that Donatus I. Anyanwu ("Anyanwu") had borrowed from her; that Woods believed at the time she signed the certifications that she was in compliance with E-Rate rules; that she did not enter a conspiracy to defraud E-Rate in March 2011; and that nothing about the loan to Anyanwu was done for the purposes of trying to defraud E-Rate.

---

[2]This list is only intended to support the court's perjury enhancement and not to be exhaustive.

[3]The court does not suggest that there actually was a loan from Woods to Anyanwu. The jury verdict necessarily rejects Woods's assertion that there was.

III

Any objections to these tentative findings must be made no later than the deadline for filing objections to the presentence report.

**SO ORDERED**.

October 10, 2019.

                                                                                 SIDNEY A. FITZWATER
                                                                                 SENIOR JUDGE